IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | Case No. CR2-06-129 |
| DONALD H. AYERS, et al | : | JUDGE MARBLEY |
| Defendants. | : | |

## I. INTRODUCTION

This matter is before the Court on Defendant Donald H. Ayers Motion to Dimiss the Indictment. Defendant Ayers asks this Court to Dimiss Counts 1-16, 27-45, and 60 of the Indictment pursuant to 18 U.S.C. § 3282 because he alleges that the Government did not file the Indictment within the prescribed five year statute of limitations. For the reasons set forth herein, Defendant Ayer's Motion to Dismiss the Indictment is **DENIED**.

## II. FACTS

On May 19, 2006, a grand jury returned a multi-count indictment against Defendant Ayers and six other executives of National Century Financial Enterprises, Inc. ("NCFE"). The Indictment charged Defendants with, among other things, conspiracy, mail fraud, wire fraud, and securities fraud. These charges stem from Defendants alleged scheme to defraud investors in NCFE asset-backed securities programs starting in August 1992 and culminating in November 2002. Defendant Ayers is personally charged with thirty-four different criminal offenses.

1

including conspiracy to commit mail fraud, wire fraud and securities fraud, a money laundering conspiracy, and substantive charges of securities fraud, wire fraud, mail fraud, and money laundering.

Count One of the Indictment specifically charges all Defendants with conspiracy under 18 U.S.C. § 371 to violate mail fraud, wire fraud, and securities fraud statutes. The last overt act of this conspiracy that the Government specifies that Defendant Ayers committed occurred on October 3, 2000. The last overt act of this conspiracy that the Government alleges other defendants committed occurred on November 7, 2002. Defendant Ayers retired from his position as a Director of NCFE in late 2000 or early 2001.

### III. LAW and ANALYSIS

The statute of limitations, as prescribed by 18 U.S.C. § 3282, is five years.[1] For charges based on 18 U.S.C. § 371, which requires that the Government prove that the defendants committed an overt act in furtherance of the alleged conspiracy, the statute of limitations begins to run from the date of the last overt act. *See Fiswick v. United States*, 329 U.S. 211, 216 (1946); *United States v. Grenoble*, 413 F.3d 569, 576 (6th Cir. 2005); *United States v. Smith*, 197 F.3d 225, 228 (6th Cir. 1999). In considering a motion to dismiss, the Court is normally limited to the facts alleged in the indictment. *See United States v. Marra*, 481 F.2d 1196, 1199 (6th Cir. 1973). Failure to allege facts in the indictment occurring within the applicable statute of limitations bars prosecution of the alleged offense. *United States v. Crossley*, 224 F.3d 847, 858 (6th Cir. 2000).

---

[1] 18 U.S.C. § 3282 states that "no person shall be prosecuted, tried, or punished for nay offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."

Defendant Ayers asserts that the Government did not allege that Defendant Ayers committed an overt act in furtherance of the alleged conspiracy within the five year statute of limitations. Specifically, Defendant Ayers notes that the last overt act that the Government alleges that he committed in the Indictment occurred on October 3, 2000. The Indictment was not filed until May 19, 2006, more than seven months after this alleged act. As such, Defendant Ayers moves this Court to dismiss the Indictment pursuant to pursuant to 18 U.S.C. § 3282.

Defendant Ayers argument is without merit. The law is clear: the statute of limitations does not begin to run until the last overt act of **any** member of the conspiracy. *See Pinkerton v. United States*, 328 U.S. 640, 646-47 (1946) ("And so long as the partnership in crime continues, the partners act for each other in carrying it forward. It is settled that 'an overt act of one partner may be the act of all without any new agreement specifically directed to that act"); *United States v. True*, 250 F.3d 410, 424-25 (6th Cir. 2001); *United States v. Hayter Oil Co., Inc. of Greenville, Tennessee*, 51 F.3d 1265, 1271 (6th Cir. 1995); *United States v. Lash*, 937 F.2d 1077, 1083-84 (6th Cir.1991). Defendant Ayers does not even bother to distinguish these cases, or this clear legal principle, in his reply brief. In fact, he does nothing to refute any of the Government's arguments. Moreover, Defendant Ayers admits that the Indictment specifically describes overt acts in furtherance of the alleged conspiracy committed by Defendants Poulsen, Speer, Becham, Dierker, and Parrett during the period of December 2000 to November 2002. Because the Indictment specifically alleges overt acts committed by Defendant Ayers' co-conspirators within the five year statute of limitations which are imputable to Defendant Ayers, Defendant Ayers Motion to Dimiss is **DENIED**.

While not clear from his Motion to Dimiss the Indictment, Defendant Ayers may be

3

arguing that he withdrew from the conspiracy upon his retirement from NCFE in late 2000 or early 2001 and as such, the overt acts committed by co-defendants after his retirement should not be imputed to him.

Conspiracy is a continuing offense, and once established, it "is presumed to continue until there is an affirmative showing that it has been abandoned." *True*, 250 F.3d at 424. If a defendant withdraws from a conspiracy, the statute of limitations begins to run with respect to him. *See id.* Withdrawal requires a showing that the defendant acted affirmatively to defeat or disavow the conspiracy's purpose. *True*, 250 F.3d at 425 ("Mere cessation of activity is not enough" to constitute Withdrawal.); *United States v. Chambers*, 944 F.2d 1253, 1265 (6th Cir. 1991); *Lash*, 937 F.2d at 1083. Defendant Ayers has made no showing that he took affirmative action to withdraw from the alleged conspiracy. More importantly, withdrawal is an affirmative defense to be resolved by a jury at trial, not by this Court in a motion to dismiss. *See United States v. Payne*, 962 F.2d 1228, 1234-35 (6th Cir. 1992).

Defendant Ayers' contends that the remaining counts in the Indictment against him fail to allege specific conduct on his part during the applicable statute of limitations. Defendant is incorrect. Each count alleges conduct that is sufficient to establish that Defendant Ayers acted in violation of federal law during the applicable limitations period. In Counts 8 through 16, the Wire Fraud Counts, the Indictment alleges that Ayers and other defendants committed nine specific acts in violation of 18 U.S.C. § 1343, all of which occurred within the five year statute of limitations. In Counts 27 through 37, the Mail Fraud Counts, the Indictment alleges that Ayers and other defendants committed eleven specific acts in violation of 18 U.S.C. § 1341, all of which occurred within the five year statute of limitations. Count 38, the Money Laundering

4

Conspiracy Count, is within the statute of limitation for the same reasons that the Conspiracy charge in Count 1 is; moreover, a money laundering conspiracy charged under 18 U.S.C. § 1956(h) does not require proof of an overt act. See *Whitfield v. United States*, 543 U.S. 209, 213 (2005). Counts 39 through 45, the Promotion Money Laundering charges, allege that Defendant Ayers and others committed eight specific acts within the limitations period in violation of 18 U.S.C. § 1956(a)(l)(A)(I), all with the applicable statute of limitations. Last, Count 60, the request for Forfeiture, relates to counts 1-37 of the indictment. To the extent that the Government has shown that those thirty-seven counts meet the statute of limitations, Count 60 does as well.

## IV. CONCLUSION

Based on the foregoing analysis, Defendant Ayers' Motion to Dimiss the Indictment is **DENIED**.

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**DATED: February 8, 2007**