**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. CR2-06-129** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **LANCE K. POULSEN,** *et al.,* | : | **JUDGE MARBLEY** |
| | : | |
| **Defendants.** | : | |

## OPINION AND ORDER

This matter is before the Court on Defendant Donald H. Ayers' ("Defendant") Motion to Dismiss Notice of *Lis Pendens* filed by the Government on certain property in Ohio owned by Defendant. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## FACTS

On May 19, 2006, Defendant and six other individuals were charged in a 60-count indictment alleging violations of 18 U.S.C. § 371, 15 U.S.C. §§ 77q(a) and 77x (Securities Fraud); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1956(h) (Money Laundering Conspiracy); 18 U.S.C. § 1956(a)(1)(A)(I) (Promotion Money Laundering) and 18 U.S.C. § 2. Count 60, a forfeiture claim, asserts the following:

> Each defendant who is convicted of Count 1 (conspiracy) and Counts 2-37 shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation, including but not limited to a sum of money in the amount of approximately $1,900,000,000 representing the proceeds from the conspiracy to violate statutes of the United States . . . . If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

Pursuant to 18 U.S.C. § 982, each defendant who is convicted of one or more of the offenses set forth in Count 38 (money laundering conspiracy . . . ) or Counts 39-59 (money laundering) shall forfeit to the United States the following property:

> (a) All right, title, and interest in any and all property involved in each offense. . . for which the defendant is convicted, and all property traceable to such property . . . .

> (b) A sum of money equal to approximately $1,900,000,000 representing the total amount of money involved in each offense, or involved in the conspiracy to commit violations . . . as charged in Count 38, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 246l(c), *each defendant shall forfeit substitute property, up to the value of the amount described in such paragraphs*, if, by any act or omission of a defendant, the property described in such paragraphs, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Indictment at ¶ 135-37 (emphasis added).

Count 60 does not specifically list any property allegedly involved in each charged offense or any property traceable to such offenses.

On September 19, 2006 and September 22, 2006, the Government filed Notices of *lis pendens* in Delaware County and Franklin County, respectively, with regard to Defendant's property located at 8639 Gavington Court, Dublin, Ohio 43017 (the "Gavington Property"). Each *lis pendens* gives notice of the pending criminal action, and the possible resulting forfeiture. In addition, the Government indicates in each notice that "the name of the person whose estate is intended to be affected is Elise C. Ayers." Mrs. Ayers is Defendant's wife and not a party to the pending criminal action against her husband.

Defendant alleges that, as of Thursday, February 15, 2007, Mrs. Ayers has entered into an acceptable contract for the sale of the Gavington Property, but because of the *lis pendens* notice, is unable to successfully complete the transaction.

## PROCEDURAL HISTORY

On January 23, 2007, Defendant filed a Motion to Dismiss Notice of *lis pendens* filed by the Government with respect to the Gavington Property.  The Government has not filed a response, and the motion deadlines have passed.  Accordingly, Defendant's Motion is now ripe for this Court's review.

## ANALYSIS

Defendant contends that the Gavington Property is not subject to pretrial restraint because it is a "substitute asset," which can only be restrained by the Government after a conviction. Additionally, Defendant argues that the *lis pendens* is void because Mrs. Ayers, a non-party – and not Defendant – has legal title to the Gavington Property, and the risk of erroneous deprivation to Mrs. Ayers greatly outweighs any interest the Government has in the property.

Defendant asserts that the Dublin, Ohio real estate is a substitute asset under 21 U.S.C. § 853, and is, therefore, not subject to pretrial restraint by the Government.  The Government offers no response in opposition.

Section 853(a) defines three categories of assets – assets associated with the crime – that must be forfeited upon a conviction of 18 U.S.C. §§ 1956 and 1957: (1) assets that constitute, or derive from, proceeds obtained directly or indirectly as the result of the charged violations; (2) assets that were used or intended to be used to commit or facilitate the commission of such violations; and (3) in the case of a continuing criminal enterprise, any interest in, claims against, or property or contractual rights affording a source of control over the continuing criminal enterprise.

3

Section 853(e)(1) authorizes post-indictment/pretrial restraint of "property described in subjection (a)."[1]  An entirely separate subjection of section 853, subsection (p), authorizes forfeiture of substitute property if the property listed in subsection (a) is unavailable.[2]   The pretrial restraint provisions of § 853(e) refer only to subjection (a) assets and not to subjection (p) assets.

Therefore, the question for the Court is whether § 853 permits restraint of substitute assets before conviction, where such pretrial restraint provision, § 853(e), only refers to assets associated with the crime.  This question has caused conflict among the circuits.  *Compare United States v.*

---

[1]  Section 853(e) provides (emphasis added):

> 1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of *property described in subsection (a) of this section* for forfeiture under this section--

>> (A) *upon the filing of an indictment* or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; . . . .

[2]  Section 853(p) provides:

(1) In general

> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant--

> (A) cannot be located upon the exercise of due diligence;

> (B) has been transferred or sold to, or deposited with, a third party;

> (C) has been placed beyond the jurisdiction of the court;

> (D) has been substantially diminished in value; or

> (E) has been commingled with other property which cannot be divided without difficulty.

(2) Substitute property

> In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

4

*Field*, 62 F.3d 246, 248-50 (8th Cir. 1995) (pretrial restraint not permitted); United *States v. Ripinsky*, 20 F.3d 359, 362-63 (9th Cir. 1994) (pretrial restraint not permitted); *United States v. Floyd*, 992 F.2d 498, 502 (5th Cir. 1993) (pretrial restraint not permitted); *In re Assets of Martin*, 1 F.3d 1351, 1357-61 (3d Cir. 1993) (pretrial restraint not permitted under substantially identical provisions of RICO, 18 U.S.C. § 1963) *with In re Billman*, 915 F.2d 916, 921 (4th Cir.1990) (pretrial restraint permitted under RICO, 18 U.S.C. § 1963, provisions substantially identical to the statute in issue here), cert. denied, 500 U.S. 952 (1991); *United States v. Regan*, 858 F.2d 115, 121 (2d Cir.1988) (advising district courts to consider pretrial restraint of substitute assets under RICO when restraining fruits of crime would be burden to third parties); *but see United States v. Gotti*, 155 F.3d 144 (2nd Cir. 1998) (limiting *Regan* to its facts and holding that 18 U.S.C. § 1963, a substantially identical statute to the statute at issue here, provides no authority for pretrial restraints of substitute assets).

The Sixth Circuit, while not having ruled directly on this issue, noted in *United States v. Ford* 64 Fed. Appx. 976 (6th Cir. 2003), that although *at the time of judgement* non-criminally related assets are restrainable and potentially forfeitable as substitute assets, the government cannot restrain such substitute assets prior to trial. The Sixth Circuit explained, "Of course, the government is not barred from retaining previously seized, but non-tainted assets after trial as substitute assets. This fact, though does not create a proprietary interest in the assets during the period between seizure and the judgment . . . ." *Ford*, 64 Fed. Appx. at 982.

This Court, following the Sixth Circuit in *Ford*, holds that 21 U.S.C. § 853 does not authorize the pretrial restraint of substitute assets. As the Fifth Circuit, explained, Section 853(e)

5

> plainly states what property may be restrained before trial. Congress made specific reference to the property described in § 853(a), and that description does not include substitute assets. Congress treated substitute assets in a different section, § 853(p).  To allow the government to freeze [the defendant's] untainted assets would require us to interpret the phrase "property described in subsection (a)" to mean property described in subsection (a) and (p).

*United States v. Floyd*, 992 F.2d 498, 502 (5th Cir. 1993).  *See also, United States v. Poulsen, et al.*, No. CR-2-06-129 (S.D. Ohio 2006) (Doc. 151, applying the same analysis in granting in part Defendant Parrett's Motion to Dismiss Notice of *Lis Pendens*).  Such reading not only honors the plain meaning of the statute, but also represents the appropriate balance between the rights of the Government and those of the accused.

In this case, the Government has filed *lis pendens* against property owned by Defendant, or more accurately, his wife Mrs. Ayers, in Dublin, Ohio.  The Government has presented no evidence that the Gavington Property was involved in criminal activity, or that any alleged criminal proceeds from National Century Financial Enterprises can be traced to this property.  Therefore, the Gavington Property may be subject to post-conviction forfeiture as a substitute asset, but it is not subject to post-indictment/pretrial restraint.  The *lis pendens* filed against Defendant's property located at 8639 Gavington Court, Dublin, Ohio 43017 must be removed because a substitute asset may not be restrained, by a *lis pendens* filing or otherwise, prior to a conviction.

Defendant also asserts that the Government has no valid basis to support the *lis pendens* filings because the risk of erroneous deprivation to Mrs. Ayers greatly outweighs any interest the Government has in the Gavington Property.  Because Defendant's motion has been resolved on other grounds, this Court need not reach this argument.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Notice of *Lis Pendens* with respect to Defendant's property located at  8639 Gavington Court, Dublin, Ohio 43017.  Defendant's Motion for an Immediate Hearing on Motion to Dismiss Notice of *Lis Pendens*, Filed January 23, 2007 is now **MOOT**.

**IT IS SO ORDERED.**


    **s/Algenon L. Marbley**
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**


**DATED:  February 28, 2007**

7