## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. CR2-06-129** |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **LANCE K. POULSEN,** *et al.,* | : | **JUDGE MARBLEY** |
| | : | |
| Defendants. | : | |

### OPINION and ORDER

### I.  INTRODUCTION

This matter is before the Court on Defendant Donald H. Ayers' ("Defendant") Motion to

Dismiss Notice of *Lis Pendens* filed by the Government on certain property in Ohio owned by

Defendant.  For the reasons set forth below, Defendant's Motion is **GRANTED**.

### II.  FACTS

On May 19, 2006, Defendant and six other individuals were charged in a 60-count

indictment alleging violations of 18 U.S.C. § 371, 15 U.S.C. §§ 77q(a) and 77x (Securities

Fraud); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1956(h)

(Money Laundering Conspiracy); 18 U.S.C. § 1956(a)(1)(A)(I) (Promotion Money Laundering)

and 18 U.S.C. § 2.  Count 60, a forfeiture claim, asserts the following:

> Each defendant who is convicted of Count 1 (conspiracy) and Counts 2-37 shall
> forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)© and 28 U.S.C. §
> 2461©), any property constituting or derived from proceeds obtained directly or
> indirectly as a result of the said violation, including but not limited to a sum of
> money in the amount of approximately $1,900,000,000 representing the proceeds
> from the conspiracy to violate statutes of the United States . . . .  If more than one
> defendant is convicted of an offense, the defendants so convicted are jointly and
> severally liable for the amount involved in such offense.

pending criminal action against her husband.

The Court dismissed these notices of lis pendens through an order dated February 23, 2007. Then, on April 27 and May 1, 2007 respectively, the Government again filed notices of lis pendens on the Gavington Court Property in Ohio State Court.

### III. PROCEDURAL HISTORY

On January 23, 2007, Defendant filed a Motion to Dismiss Notice of lis pendens filed by the Government with respect to the Gavington Property. The Government did not file a response before the applicable deadline passed. On February 28, 2007, the Court granted Defendant's Motion to Dismiss the Notice of lis pendens. On February 28, 2007, the Government filed a motion for reconsideration. This Court, finding that failure to respond to Defendant's initial motion was not an adequate basis for reconsideration, denied the Government's motion.

Subsequently, a grand jury returned a superceding indictment against Defendants. Unlike the preceding indictment, the superceding indictment specifically identifies properties, including the Gavington Court Property, that can allegedly be traced to the proceeds of Defendant's alleged fraudulent activities. Defendant Ayers moved this Court to dismiss the Notices of Lis Pens placed on the property and the Government responded. Thus, this Motion is ripe for adjudication.

### IV. ANALYSIS

Defendant avers that the doctrine of res judicata commands that this Court follow its prior ruling and dismiss the notices of lis pendens. The Supreme Court, in *Federated Department Stores, Inc. v. Motie*, 452 U.S. 394, 398 (1981), held that "a final judgment on the merits of an action precludes the parties or their privities from relitigating issues that were or could have been

3

Pursuant to 18 U.S.C. § 982, each defendant who is convicted of one or more of the offenses set forth in Count 38 (money laundering conspiracy . . . ) or Counts 39-59 (money laundering) shall forfeit to the United States the following property:

>   (a)  All right, title, and interest in any and all property involved in each offense. . . for which the defendant is convicted, and all property traceable to such property . . . .

>   (b) A sum of money equal to approximately $1,900,000,000 representing the total amount of money involved in each offense, or involved in the conspiracy to commit violations . . . as charged in Count 38, for which the defendant is convicted.  If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461©), each defendant shall forfeit substitute property, up to the value of the amount described in the foregoing paragraphs, if, by any act or omission of a defendant, the property described in such paragraphs, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Indictment at ¶ 135-37 (emphasis added).

Count 60 does not specifically list any property allegedly involved in each charged offense or any property traceable to such offenses.

On September 19, 2006 and September 22, 2006, the Government filed Notices of *lis pendens* in Delaware County and Franklin County, respectively, with regard to Defendant's property located at 8639 Gavington Court, Dublin, Ohio 43017 (the "Gavington Property"). Each lis pendens gives notice of the pending criminal action, and the possible resulting forfeiture. In addition, the Government indicates in each notice that "the name of the person whose estate is intended to be affected is Elise C. Ayers." Mrs. Ayers is Defendant's wife and not a party to the

2

raised in that action." Defendant alleges that this Court has already rendered a final decision on the merits regarding whether the Government may place a lis pendens notice on the Gavington Court Property. Thus, Defendant argues, the Court having ordered the dismissal of the notices of lis pendens per its February 23, 2007 order, the Government is barred from placing a notice of lis pendens on the Gavington Court Property under the doctrine of res judicata.

The Sixth Circuit employs a four prong-test for determining whether a subsequent action is barred by res judicata: (1) the subsequent action had a final decision on the merits; (2) the subsequent action involves the same parties or privities; (3) the issue at hand was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

In its response, without citing any precedent, the Government challenges only the first prong, claiming that this Court's prior decision was "not on the merits" because this Court dismissed the notices of lis pendens solely as a result of the Government's failure timely to respond to Defendant's motion to dismiss.

This Court dismissed the notices of lis pendens not because the Government did not timely respond to Defendant's Motion, but rather because it did not timely provide *evidence* that it had traced the allegedly fraudulent proceeds of Defendant's activities to the Gavington Court Property. Had the Government proffered the affidavit of Agent Greg Ruwe, who traced the allegedly fraudulent proceeds to the Gavington Court Property, the Court would not have dismissed the notices of lis pendens. This, however, does not, in and of itself, mean that this Court's dismissal of the notices of lis pendens was not "on the merits."

The court in *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), after noting that sparse

4

precedent exists which articulates a standard by which a court may evaluate whether a prior decision was "on the merits," provides the most substantial analysis on the question. In *Chapman*, the Sixth Circuit faced the issue of whether a dismissal for failure to satisfy "condition precedent" constituted a dismissal based on the merits. Specifically, in a prior action, the district court dismissed an employment suit because the plaintiff failed to seek administrative relief, which was a condition precedent, before bringing suit. In the subsequent action, the plainitiff argued that res judicata could not be applied because the prior dismissal was based on a technicality and did not reach the merits of his lawsuit. The Sixth Circuit held that the plaintiff erroneously argued that "a [prior] judgment reach the merits of a particular claim in order to have a preclusive effect." *Id.* at 821. In certain instances, failure to comply with so-called "technicalities" can constitute a dismissal on the merits for res judicata purposes. *Id.* In *Chapman*, the court noted that it looks to whether the prior action's decision constitutes the "death knell" of the litigation, i.e. "one that permanently forecloses a party from further advancing a claim or defense," in deciding whether the prior action was decided on the merits. *Id.*

The *Chapman* court, however, stopped short of proscribing its "death knell" analysis as the standard by which district courts should evaluate whether a prior decision was "on the merits." The Sixth Circuit realized that the "death knell standard," in certain cases, may be circular in nature – A decision is on the merits if it spells the death knell of the litigation. Yet, the prior decision only spells the "death knell" of the litigation if the claim cannot be brought again. And it usually only cannot be brought again if res judicata applies.

Instead, the Sixth Circuit focused its analysis on the plaintiff's argument that the prior

decision was a dismissal due to a "technicality," and, as such, it was not on the merits. *Id.* at 821. As discussed *supra*, the court held that a so-called "technicality" can still be on the merits. In evaluating whether a dismissal is on the merits, the court examines whether the case was dismissed "for a failure to fulfill a jurisdictional prerequisite;" usually, only dismissals for lack of jurisdiction are not considered to be "on the merits." *See, id.* at 832.

The sound reasoning of Miller, Wright, and Moore's, Federal Practice and Procedure gives a similar explication of the term "on the merits." This treatise comments that "on the merits" is an "unfortunate phrase" because it distracts from the qualities of a judgment which should make res judicata applicable. 18A Fed. Prac. & Proc. Juris.2d § 4435. As noted above, a decision need not reach the substantive aspects of an action in order for it to be "on the merits" for the purposes of res judicata. *Id.* ("Thus it is clear that an entire claim may be precluded by a judgment that does not rest on any examination whatever of the substantive rights asserted.") Moreover, traditionally, a judgment is not on the merits only if it involves the courts inability to hear a case because of lack of jurisdiction or venue. *Id.*; *Wilkins v. Jakeway*, 177 F.3d 560, 563–66 (6th Cir. 1999). Dismissals on the merits include those for failure to prosecute and, following the language of FRCP 41(b), for failure to follow the procedure of the court. *Id.* So called "penalty dismissals" commonly receive preclusive effects in subsequent litigation. 18A Fed. Prac. & Proc. Juris.2d § 4440. The purpose of this is to "establish a strong sanction to enforce compliance with proper procedure." *Id.* It makes little policy sense to have a deadline by which a response containing a supporting affidavit must be filed and then have no remedy if

6

the deadline is not adhered to.[1]  While this court's prior dismissal of the lis pendens notices may

be considered a "technicality," the Court decided Defendant's motion to dimiss based on the

evidence it had in front of it at the time.  An affidavit of Agent Ruwe was not part of this

evidence.  Thus, at that time, the Court evaluated the substance of the motion to dismiss,

concluded that the Government had not proffered sufficient evidence to show that the Gavington

Court property had been purchased with illicit proceeds, and dismissed the lis pendens on the

merits.

In sum, the Government failed to submit evidence in opposition to Defendant's prior

motion to dismiss the notices of lis pendens by the applicable deadline of this court.  After failing

in its motion for reconsideration, the Government now attempts to cure this failure through a

strained reading of "on the merits."  If dismissals for failure to adhere to court ordered deadlines

were not on the merits, there would be no point in having deadlines at all.  The Government

failed to proffer evidence which established, at the time this Court evaluated the merits of

Defendant's motion to dismiss, that Defendant used illicit proceeds to purchase the property in

questions.  The Court decided this claim on the merits and, as such, res judicata applies to the

instant motion.

## V. CONCLUSION

For the forgoing reasons, Defendant's Motion to Dismiss all notices of lis pendens on the

Gavington Court Property is **GRANTED**.

---

[1] "Neither collateral estoppel nor res judicata is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in manifest injustice." *Tipler v. E. I. duPont deNemours & Co.*, 443 F.2d 125 (6th Cir. 1971).

7

**IT IS SO ORDERED.**

                                        <u>s/Algenon L. Marbley</u>
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED:   August 10, 2007**